**David S. STEWART et al., Plaintiffs,**

v.

**Edward M. BENNETT et al.,
Defendants.**

**Civ. A. No. 71–3022.**

United States District Court,
D. Massachusetts.

July 26, 1973.

Sherburne, Powers & Needham, Stephen A. Hopkins, Stephen Moulton, Boston, Mass., for plaintiffs.

Hill & Barlow, John M. Kahn, Boston, Mass., Milberg & Weiss, Jared Specthri, New York City, Louis Loss, Cambridge, Mass., Phillip D. Moran, Lynn, Mass., Peabody, Brown, Rowley & Storey, William C. Lance, Boston, Mass., James J. Cannon, Jr., Wayland, Mass., Wilson & McIlvaine, Charles W. Boand, Chicago, Ill., Bingham, Dana & Gould, John J. Curtin, Jr., Joseph T. Fahy, Hemenway & Barnes, George H. Kidder, Ropes & Gray, George H. Lewald, John Silas Hopkins, III, Boston, Mass., Charles Morrill, Wayland, Mass., Dewey, Ballantine, Bushby, Palmer & Wood, Leonard Joseph, Monasch & Chazen, Hartley J. Chazen, Skadden, Arps, Slate, Meagher & Flom, Stephen M. Axinn, New York City, Nutter, McClennen & Fish, Daniel J. Gleason, Boston, Mass., for defendants.

## OPINION

TAURO, District Judge.

This is a securities action alleging misstatements and omissions in the registration statement and prospectus filed by Viatron on December 23, 1969. The complaint is in two counts, the first based on Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, and the second count based on Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C. F.R. § 240.10b–5 promulgated thereunder.

In a prior proceeding, defendants challenged successfully the sufficiency of plaintiffs' 10b–5 allegations in Count

II, this court holding in an opinion dated April 20, 1973, 359 F.Supp. 878, that:

> A buyer may sue under 10b–5 if the conduct complained of rises to the level of fraud, and thus goes beyond . . . unintentional or negligent misrepresentations . . . . (footnote omitted)

359 F.Supp., at 883.

And in page 885:

> The language and intent of Rule 10b–5 require a plaintiff to allege and prove conduct which, at the very least, is either knowing or intentional.

We determined that plaintiffs' Count II allegations failed to meet these standards and allowed plaintiffs thirty (30) days in which to amend.

Plaintiff Stewart has amended his complaint. In pertinent part, Count II as amended alleges that the defendant Arthur Anderson & Co. (the accounting firm), the underwriter defendants, and the defendant directors "knew of the material facts that were misstated or omitted therein or failed or refused, after notice of a possible material failure in disclosure, to ascertain such facts which were available to each of them or could have been discovered by each of them with reasonable or without extraordinary effort."[1]

In addition, with respect to the defendant Anderson & Co., the Amended Complaint alleges Anderson "was aware of the material falsity in the report . . . or was reckless in determining whether material falsity existed . . . ."[2]

Defendants now challenge the sufficiency of Count II as amended on the grounds that at most it charges the defendants with mere negligence and thus fails to meet the stricture of our April 20th opinion requiring an allegation of conduct which is either "knowing or intentional."

Defendants' position raises a threshold issue, i. e., what is the meaning of the phrase "knowing or intentional" as utilized in our prior opinion. Specifically, does our opinion require allegations of actual knowledge or intention, or is it sufficient to allege facts that constitute their equivalent.

■ Simply stated, we hold that a plaintiff meets the burden of alleging "knowing or intentional" conduct by setting forth facts which demonstrate either 1) that the defendant had actual knowledge of material facts that were omitted or distorted, or 2) that the defendant failed or refused to ascertain, and thereafter accurately disclose, such facts after having been put on notice as to their possible existence.

■■ A failure or refusal to discover, and thereafter disclose, misrepresentations and omissions, in the face of notification as to their possible existence, amounts to a willful and reckless disregard for the truth such as to constitute knowing and intentional conduct. Conversely, allegations of mere failure to discover and disclose material facts that were omitted or distorted would be nothing more than an assertion of negligence and would not constitute a 10b–5 violation.

In the absence of actual knowledge, the key is notice. Given notice, those occupying positions such as the defendants in this case cannot be permitted to assume the posture of the three legendary mammals who would not see, hear or speak.

Such an interpretation of knowing or intentional conduct in 10b–5 actions is consistent with the application of such conduct in other areas of the law. It is an approach that is equitable, sound and practical. Knowledge and intention are states of mind. It is impossible to look inside a person's mind in order to determine awareness or attitude. As a practical matter, the only means we have for fathoming an individual's state of mind is to examine his conduct and the surrounding circumstances thereof, and

1. Paragraphs 27, 30, and 31.

2. Paragraph 28.

thereafter draw such inferences as are legitimately warranted.

■ Applying this rationale to the instant case, a failure or refusal to act *in the face of notice* would warrant an inference that such failure or refusal on the part of the defendants was a knowing and intentional act. With respect to each of the defendants, plaintiff has alleged such notice, thereby meeting its 10b–5 burden of pleading.

Two recent opinions support our conclusions in this regard. In Cohen v. Franchard Corp., 478 F.2d 115 (2d Cir. 1973), the Court refused to hold that mere failure to discover material facts when such facts could have been ascertained without an inordinate effort is enough to establish a private action under Rule 10b–5. Emphasizing the necessity of alleging actual knowledge of falsity or reckless disregard for the truth, the Second Circuit wrote:

> Although it is unnecessary to prove the specific fraudulent intent essential to a claim of common law fraud, it must be established that the defendant was to some extent cognizant of the misstatement or omission. [citations omitted] The standard for determining liability under Rule 10b–5 essentially is whether plaintiff has established that defendant either knew the material facts that were misstated or omitted and should have realized their significance, or failed or refused to ascertain and disclose such facts when they were readily available to him *and he had reasonable grounds to believe that they existed.* [citation omitted] It is not enough for plaintiff to show that defendant failed to detect certain material facts *when he had no reason to suspect their existence.*

478 F.2d at 123 (emphasis added).

The critical element missing in *Cohen, viz.,* reasonable grounds to suspect falsity, is present in the instant case because of plaintiff's allegation that defendants had "notice of a possible material failure in disclosure." It is reasonable to infer that defendants' alleged failure or refusal to ascertain and disclose the true facts, *after* such notice, was willful, intentional, knowing conduct.

Reaffirming that proof of a willful or reckless disregard for the truth is sufficient to establish liability under Rule 10b–5, the Second Circuit dismissed an action against a director who it was unable to conclude had "willfully closed his eyes to or turned his back on the fraudulent nature" of the enterprise. Lanza v. Drexel & Co., 479 F.2d 1277 (2d Cir. 1973). The Court outlined in considerable detail the attempts made by the defendant-director to discover the true facts. The *Lanza* case is therefore distinguishable from the allegations in the instant case, in which defendants are charged with both notice of possible falsity as well as a failure or refusal to discover the true facts.

The rationale of the *Lanza* case is, however, consistent with the standards we apply in the instant case. Elaborating on the proper standard to be applied, the *Lanza* court wrote:

> In determining what constitutes "willful or reckless disregard for the truth" the inquiry normally will be to determine whether the defendants knew the material facts misstated or omitted, or failed or refused, *after being put on notice of a possible material failure of disclosure,* to apprise themselves of the facts where they could have done so without any extraordinary effort.

479 F.2d at 1306 (emphasis added).

Plaintiff's allegations track *Lanza* almost verbatim.

We note that ALI, Federal Securities Code, Section 251A, Tentative Draft No. 2 (March, 1973) reads as follows:

> Sec. 251A. [Knowledge] When reference is made to this section, a misrepresentation is known by a person to be a misrepresentation if he (a) knows or believes that the matter is otherwise than represented, (b) does not have the confidence in its existence or nonexistence that he expresses or implies, or (c) knows that he

does not have the basis that he states or implies he has for his belief.

Surely, after notice of a possible material failure in disclosure, defendants could "not have [had] the confidence in its existence or nonexistence that [they] expresse[d] or implie[d]."

Defendants further argue that the amended complaint fails to state "the circumstances constituting fraud . . . with particularity." Fed.R.Civ.Proc. 9 (b). We disagree. The complaint, in paragraphs 23 and 24 (comprising nine pages), sets out in particular detail the misrepresentations complained of. Defendants are thus put on sufficient notice of the specific fraud alleged, and are not forced to deal with mere conclusory allegations. See Segal v. Gordon, 467 F.2d 602 (2d Cir. 1972).

Defendants' motion to dismiss plaintiff's amended complaint is denied.